| | |
|---|---|
| LARRY ALONZO CHATMAN, | No. 2:20-cv-00019 TLN AC PS |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| NANCY DILLION, Solano County Public Defender., | |
| Defendants. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff, a state prisoner proceeding pro se, alleges a claim of ineffective assistance of counsel pursuant to 28 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.  Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1

forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

2

speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

The complaint names Nancy Dillion, the Solano County Public Defender, as the only defendant. ECF No. 1 at 1. Plaintiff alleges that he was convicted on September 5, 2005 for first degree pre-meditated murder/mayhem/great bodily injury, assault with a deadly weapon, and another weapon related charge. Id. at 3. Plaintiff states that in 2004 the District Court dismissed a petition for habeas corpus and in 2014 the Ninth Circuit reversed and remanded. Id. In 2017 the District Court granted an "IAC claim." Id. In 2018, the Eastern District Court vacated plaintiff's convictions for defendant Dillion's failure to investigate. Id. Plaintiff alleges he suffered mental anguish, mental stress, health deterioration, and loss of liberty and freedom. Id. Plaintiff seeks relief in the form of punitive damages, in the amount of $5,000,000.00. Id. at 6.

IV. Failure to State a Claim

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). "[A] public defender does not act under color of state law when performing a

3

lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981).

In this case, though plaintiff does not specifically state he is bringing a case under § 1983 (or any other federal or state law), plaintiff's sole allegation of ineffective assistance of counsel can only be construed as a claim for a violation of constitutional rights under § 1983. Plaintiff's allegations against public defender Dillion are related exclusively to his claim that she was deficient in carrying out her duties as counsel and/or managing the public defender representing him. Because plaintiff's allegations are about Dillion's actions in representing him as a public defender, Dillion was not acting under color of state law. This means that plaintiff cannot bring a claim against her under § 1983.

Any potential claims for legal malpractice do not come within the jurisdiction of the federal courts. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Plaintiff is free to sue his former lawyer in state court, but without a viable federal claim there is no basis for this court's jurisdiction.

For these reasons, the claims against defendant Dillion, the only defendant in this case, should be dismissed without leave to amend.

V.     No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted and that given the nature of the claims, amendment would be futile. The complaint should therefore be dismissed without leave to amend.

4

1     VI.    <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately. It is being recommended that your claims be dismissed because even if they are true, the defendant you have named is not a proper defendant under § 1983.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff filed concurrently herewith.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 15, 2020

                                            */s/ Allison Claire*
                                            ALLISON CLAIRE
                                            UNITED STATES MAGISTRATE JUDGE